| | | |
|---|---|---|
| **ClientCaseID:** Kyle Morency |  | **CaseReturnDate:** 7/24/14 |
| **Law Firm ID:** MADONIA | ∗ 4 2 6 0 8 6 A ∗ | **Affidavit of Special Process Server** |

# UNITED STATES DISTRICT COURT

### Case Number **13CV6767**

**I, ROBERT A. CLARKE**

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. CHICAGO IL 60606 LICENSED BY THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION.

# PERSONAL SERVICE

THAT I SERVED THE WITHIN     **CITATION TO DISCOVER ASSETS**

ON THE WITHIN NAMED        **DARLENE DANTES**

BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT PERSONALLY     7/7/14

THIS WAS THE CLARENDON PARK SOFTBALL FIELD. I COULD HEAR THE DEFENDANT BEING IDENTIFIED BY OTHER PEOPLE ON HER SOFTBALL TEAM.

That the sex, race and approximate age of the person whom I left the document(s) are as follow:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Sex** | Female | **Race** | OTHER | **Age** | 30s | | |
| **Height** | 5'4" | **Build** | LARGE | **Hair** | BLACK | | |

LOCATION OF SERVICE     **4501 N. CLARENDON AVE. CHICAGO, IL, 60640**

Date Of Service    7/7/14        Time of Service    6:56 PM

ROBERT A. CLARKE        7/8/2014
**Special Process Server**
P.E.R.C.#129-357340

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

ROBERT A. CLARKE        7/8/2014

**Total:**    $150.00

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY JOHANSEN, | ) | |
| | ) | |
| Judgment Creditor, | ) | Case No.: 13 CV 6767 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| DARLENE DANTES, | ) | Magistrate Judge Geraldine Brown |
| | ) | |
| Judgment Debtor. | ) | Court date: July 24, 2014 at 9:00 a.m. |
| | ) | |
| | ) | |

## CITATION TO DISCOVER ASSETS

To:     Darlene Dantes

A judgment against Defendant Darlene B. Dantes in the amount of $99,000.00 was entered on March 14, 2012 in favor of Plaintiff Jeffrey Johansen. The amount of $94,500.00 remains unsatisfied, together with subsequently accruing interest. This Citation to Discover Assets is issued on the basis of the foregoing judgment. On or after the court date stated below, the court may compel the application of any discovered income or assets toward payment on the judgment.

YOU ARE COMMANDED to appear before the Honorable John J. Tharp of the United States District Court for the Northern District of Illinois, Easter Division, Courtroom 1419, at 219 South Dearborn Street, Chicago, Illinois, on July 24, 2014, at 9:00 a.m. to be examined under oath to discover assets or income not exempt from enforcement of a judgment. A judgment in favor of Jeffrey Johansen and against Darlene B. Dantes was entered on March 14, 2012 in the amount of $99,000.00, and $94,500.00 remains unsatisfied.

YOU ARE COMMANDED to produce at the examination:

All books, papers or records in your possession or control relating to the accounts
of Darlene B. Dantes, or which may contain information concerning the property
or income or, or indebtedness due judgment debtor, including specifically, but not
exclusively, all items set forth in EXHIBIT A attached hereto.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of

1

court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.

THOMAS G. BRUTON
_____
CLERK

JUL 0 1 2014
_____
DATE

BY: DEPUTY CLERK

2

## CERTIFICATE OF ATTORNEY

This Citation is accompanied by a copy of the underlying judgment against Darlene B. Dantes and in favor of Jeffrey Johansen.

The judgment is in the amount of $99,000.00, together with legal interest after judgment. The judgment was entered on March 14, 2012 by the Honorable Judge Barry Russell, United States Bankruptcy Court for the Central District of California, in Case No. LA 2:10-ap-02573-BR.

I, the undersigned, hereby certify to the court under penalties as provided by law pursuant to 735 ILCS 5/109 that the foregoing information is true.

Date: July 1, 2014

Kyle C. Montmorency
ARDC No.: 6299541
John W. Albee
ARDC No.: 6280779
Anthony J. Madonia & Associates, Ltd.
Attorneys for Plaintiff
233 South Wacker Drive
Suite 6825
Chicago, Illinois 60606
(312) 578-9300

3

1  | LINDA M. BLANK (State Bar No. 125307)
   | LAW OFFICES OF LINDA M. BLANK
2  | 1925 Century Park East, Suite 2000
   | Los Angeles, California 90067-2721
3  | Telephone  (310) 277-2236
   | Facsimile  (310) 526-6503
4  |
   | Attorneys for Plaintiff Jeffrey Johansen
5  |
   | Appearing Pro Hac Vice
6  | JOHN W. ALBEE (IL. State Bar No. 6280779)
   | ANTHONY J. MADONIA & ASSOCIATES, LTD.
7  | 233 South Wacker Drive, Suite 6825
   | Chicago, Illinois 60606
8  | Telephone  (312) 578-9300
   | Facsimile  (312) 578-9303
9  | e-mail:   jalbee@madonia.com

10 | Attorneys for Plaintiff Jeffrey Johansen

```
FILED & ENTERED

      MAR 14 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK
```

11
12

## UNITED STATES BANKRUPTCY COURT

13

## CENTRAL DISTRICT OF CALIFORNIA

14

## LOS ANGELES DIVISION

15

| | |
|---|---|
| In re | Bk. No. LA 2:09-bk-41037-BR |
| | [Chapter 7] |
| DARLENE B. DANTES, | |
| Debtor. | |
| | |
| JEFFREY JOHANSEN, an individual, | Adv. No. LA 2:10-ap-02573-BR |
| Plaintiff, | **NONDISCHARGABILITY JUDGMENT** |
| v. | **PURSUANT TO STIPULATION FOR** |
| | **ENTRY OF JUDGMENT** |
| DARLENE B. DANTES, an individual, | Date:      March 12, 2012 |
| Defendant. | Time:      2:00 p.m. |
| | Dept.:     1660 |
| | Judge:    Barry Russell |

16
17
18
19
20
21
22
23
24
25
26
27  | ///
28  | ///

C:\Documents And Settings\Fortier\Local Settings\Temp\Order#150027#0f97de98-5162-49f5-8875-34ed25f4e281.Doc

1    In the above entitled case, Plaintiff, Jeffrey Johansen ("Plaintiff") and

2  Defendant, Darlene B. Dantes ("Defendant"), having stipulated among themselves

3  that a Nondischargability Judgment be entered in favor of Plaintiff and against

4  Defendant according to the terms and conditions of that certain Stipulation for Entry of

5  Judgment ("Stipulation") in the above captioned adversary action.

6    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that,

7    1.    A Nondischargability Judgment in the amount of $99,000 is hereby

8  entered against Defendant, Darlene B. Dantes and in favor of Plaintiff, Jeffrey

9  Johansen.

10    2.    The Stipulation for Entry of Judgment is hereby incorporated into this

11  Order for Judgment.

12

13

14                                          # # #

15

16

17

18

19

20

21

22

23

24

25

26  DATED: March 14, 2012                 _____
                                          United States Bankruptcy Judge
27

28

C:\Documents And Settings\Fortier\Local Settings\Temp\Order#150027#0f97dc88-5162-49f5-8875-34ed25f4e281.Doc

| In re:                                              |                | CHAPTER 7                                    |
|-----------------------------------------------------|----------------|----------------------------------------------|
| DARLENE B. DANTES                                   |                |                                              |
|                                                     | Debtor(s).     | CASE NUMBER    LA 2:09-bk-41037-BR           |
| JEFFREY JOHANSEN v. DARLENE B. DANTES               |                | LA 2:10-ap-02573-BR                          |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1925 Century Park East, Suite 2000, Los Angeles, CA  90067

A true and correct copy of the foregoing document described    **NONDISCHARGABILITY JUDGMENT PURSUANT TO STIPULATION FOR ENTRY OF JUDGMENT**    will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>(indicate method for each person or entity served):**
On __February 20, 2012__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Overnight Mail:**  Judge Barry Russell, 255 East Temple Street, Suite 1660, Los Angeles, CA  90012

☐    Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __February 20, 2012__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Debtor/Defendant: Darlene B. Dantes:** Darlene_dantes@yahoo.com

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 20, 2012 | Torey Wilson | /s/ Torey Wilson |
|-------------------|--------------|------------------|
| *Date*            | *Type Name*  | *Signature*      |

H:\8830-Johansen\Ord Extend Discovery Cut-Off.DOC

C:\Documents And Settings\Fortier\Local Settings\Temp\Order#150027#0f97de38-5162-49f5-8875-34ed25f4e281.Doc

| In re:<br>DARLENE B. DANTES<br><br>JEFFREY JOHANSEN v. DARLENE B. DANTES | Debtor(s). | CHAPTER 7<br><br>CASE NUMBER   LA 2:09-bk-41037-BR<br>LA 2:10-ap-02573-BR |
|---|---|---|

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)   NONDISCHARGABILITY JUDGMENT PURSUANT TO STIPULATION FOR ENTRY OF JUDGMENT   was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_____February 20, 2012___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
Trustee Sam S Leslie: sleslie@trusteeleslie.com, sleslie@ecf.epiqsystems.com; trustee@trusteeleslie.com
Counsel for Plaintiff Jeffrey Johansen Linda M Blank: linda@lmblank.com
Mediator Jason Wallach: jwallach@gladstonemichel.com

☐     Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor/Defendant:  Darlene B Dantes, 1230 Horne Ave #308, West Hollywood, CA 90069

☐     Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Debtor/Defendant: Darlene B. Dantes: Darlene_dantes@yahoo.com

☐     Service information continued on attached page

C:\Documents And Settings\Fortier\Local Settings\Temp\Order#150027#0f97de48-5162-49f5-8875-34ed25f4e281.Doc

## EXHIBIT A

Unless otherwise stated, all items requested herein are during the period of January 1, 2012 through the date of service of this Citation to Discover Assets.

a. All statements, summaries, cancelled checks, and check registers for any bank account (where "bank is defined broadly and includes, but is not limited to, all banking institutions, savings and loan associations, depository institutions, credit unions, brokerage firms, commodities trading firms, and cooperatives) in which Darlene B. Dantes has an interest or had in interest including, but not limited to:

    i. All statements for all accounts;

    ii. All cancelled checks, records of wire transfers, or other electronic transfers, and deposit records to all checking and saving accounts; and

    iii. All certificates of deposit.

b. All documents evidencing any safe deposit box which Darlene B. Dantes has or had a right of entry. List the contents of any safe deposit box.

c. All documents evidencing any real property in which Darlene B. Dantes has an interest or had an interest, including but not limited to:

    i. All deeds, articles of agreement for deed, contracts for deed, real estate installment contracts and leases;

    ii. All other documents reflecting ownership of any interests of any kind in real property including but not limited to a beneficial interests in any land trust and an interest in any legal entity which owns, develops or operates any real estate or interest in real estate;

    iii. All loans, notes, and mortgage instruments relating to any such property; and

    iv. All executory contracts relating to anticipated interest of any kind in real property.

d. All contracts, benefit schedules, invoices, payments, receipts, and/or records relating to any monies currently owed to Darlene B. Dantes.

e. All documents evidencing any trusts in which Darlene B. Dantes has or has had an interest in, or which Darlene B. Dantes holds any power to transfer, convey, sell, encumber or assign.

f. All insurance policies insuring any interest Darlene B. Dantes may possess or naming Darlene B. Dantes as a beneficiary.

g.  All assignments or powers of attorney over securities, investments, loans, personal property, and real property in which Darlene B. Dantes has or had an interest.

h.  All operating agreements, partnership agreements, limited partnership agreements, corporate charters, by-laws, shareholder agreements, and articles of organizations, and any amendments thereto, referring or relating to any business organization or legal entity in which Darlene B. Dantes has or had an interest in or management responsibility.

i.  All financial statements, income statements, balance sheets, general ledgers, cash receipts, and disbursement journals, federal and state income tax returns, bank statements, cancelled checks, and annual reports referring or relating to any business organization or legal entity in which Darlene B. Dantes has an interest.

j.  All "brokerage" statements (where "brokerage includes all brokerage institutions through which stocks, bonds, options, mutual funds, other securities, money market funds, treasury bills, or other investment instruments were purchased or acquired) relating to all accounts in which Darlene B. Dantes has or had an interest.

k.  All documents referring or relating to any loan made by Darlene B. Dantes.

l.  All document reflecting payments, however characterized, to Darlene B. Dantes or any other business organization or legal entity in which Darlene B. Dantes has or had an interest.

m.  All documents reflecting payments, however characterized, by Darlene B. Dantes to any person or entity.

n.  All documents reflecting payments, however characterized, by any person or entity made on behalf of Darlene B. Dantes.

o.  All records, list, or documents evidencing any item or items of personal property any documents evidencing or relating to personal property in which Darlene B. Dantes has or had an interest, including, but not limited to:

    i.  Equipment (including office equipment, audio, video, computer, sports, photographic);

    ii.  Furniture, appliances, television or stereo equipment;

    iii.  Vehicles (automobiles, motorcycles, trucks, vans, trailers, boats, aircraft) including title certificates;

    iv.  Cash;

    v.  Art objects;

vi. Negotiable paper and other negotiable instruments;

vii. Intellectual property rights, including royalties, licensing fees, patents, copyrights, trademarks, trade names;

viii. Securities, investments, or loans;

ix. Contractual rights to receive payments;

x. Executory contracts relating to interest of any kind in any personal or real property; insurance policies;

xi. Pension plans, IRA's Keogh plans, 401(k) plans, profit sharing plans;

xii. Annuities;

xiii. Interests in any business organization, legal entities, trusts, or joint ventures;

xiv. Contingent and un-liquidated claims;

xv. Listings of the contents of safe deposit boxes;

xvi. Collections, including stamp, coin, statuary, figurines, plates, record, video, compact disc, and other collectibles;

xvii. Furs, jewelry, gems, precious metals and firearms;

xviii. Tax refunds;

xix. Property settlements;

xx. Interest in decedents' estates;

xxi. Watches; and

xxii. Musical instruments

p. All pleadings, settlements agreements, judgments referring or relating to causes of action in which Darlene B. Dantes is seeking or sought damages.

q. All documents referring or relating to any loans, loan applications, notes, promissory notes, secured promissory notes, bonds, mortgages, security interests, and demand notes which Darlene B. Dantes holds, has held, or in which Darlene B. Dantes has or has had an interest.

r. All documents reflecting billing for services Darlene B. Dantes provided as to which full payment has not yet been received.

s. All documents which reflect any other indebtedness to Darlene B. Dantes or to any business organization or legal entity in which Darlene B. Dantes has an interest.

t. All pay stubs or other evidence of payments received by Darlene B. Dantes for the last twelve (12) pay periods.

u. All state and federal income tax returns, including all drafts thereof, with all schedules and supporting documents for the years 2011, 2012, 2013.

v. An accounting of all payments and transfers of money made to, on behalf of, or for the benefit of Darlene B. Dantes.

3. Provide a signed affidavit of completeness stating that you have produced all requested documents in your possession or control and specifically identifying which documents you have not produced and why.